06-5520-cv
Phil & Kathy's Inc. v. Safra  National Bank of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

———————

August Term, 2008

(Argued: January 13, 2009                                Decided:  February 9, 2009)

Docket No. 06-5520-cv

———————

PHIL & KATHY'S INC. AN ILLINOIS CORP.,

*Plaintiff-Appellant*,

—v.—

SAFRA NATIONAL BANK OF NEW YORK, A NATIONAL BANKING ASSOCIATION,

*Defendant-Appellee.*

———————

B e f o r e :

STRAUB AND HALL, *Circuit Judges*, and EATON, *Judge*.[*]

———————

Plaintiff filed this suit seeking to recover $1,500,000 it claims was erroneously disbursed to a third party by defendant bank.  Plaintiff now appeals from the judgment of the United States District Court for the Southern District of New York (Leonard B. Sand, *Judge*) granting defendant's motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant's motion called upon the District Court to determine whether upon a bank's receipt of a payment order to a non-identifiable or nonexistent customer the order is void by operation of law or whether the receiving bank is entitled to act pursuant to an amendment of the order.  The District Court held that New York's Uniform Commercial Code § 4-A-211 allows a receiving bank to await and act upon a timely amendment of a payment order.  We affirm on the opinion below.

---

[*]The Honorable Richard K. Eaton, Judge, United States Court of International Trade, sitting by designation.

THOMAS J. VERTICCHIO, Swanson, Martin & Bell, LLP, Chicago, IL (L. Donald Prutzman, Tannenbaum Helpern Syracuse & Hirschtritt LLP, New York, NY, *on the brief*), *for Plaintiff-Appellant*.

BARRY R. FISCHER, Fischer & Mandell LLP, New York, NY, *for Defendant-Appellee*.

PER CURIAM:

Plaintiff Phil & Kathy's Inc. appeals from a judgment of the United States District Court for the Southern District of New York (Leonard B. Sand, *Judge*), granting the motion of Defendant Safra National Bank of New York ("Safra") pursuant to Federal Rule of Civil Procedure 12(b)(6).

As set out at greater length by the District Court, the following facts, drawn from Phil & Kathy's Complaint and other documents, are accepted as true. *See Phil & Kathy's Inc. v. Safra Nat'l Bank of New York*, No. 06 CV 4916 (LBS), -- F. Supp. 2d --, 2009 WL 248425 (S.D.N.Y. Feb. 2, 2009). Phil & Kathy's is an Illinois corporation in the business of repackaging and selling prescription drugs. Safra is a national banking association with its main office in New York City. Phil & Kathy's commenced the instant litigation against Safra to recover $1.5 million sent to Safra via wire transfer. Phil & Kathy's claimed that Safra erroneously disbursed those funds to a third party.

On July 2, 2003, Phil & Kathy's authorized agent went to its bank in Illinois, Harris Trust and Savings Bank ("Harris"), and issued a payment order requesting a wire transfer of $1.5 million from its account to Safra for a beneficiary identified as "Banco Do Brasil SA/Proteknika Do Brasil" (hereinafter "July 2 Payment Order"). Harris executed the July 2 Payment Order the

same day. However, because Safra did not have an account owner with the name "Banco Do Brasil SA/Proteknika Do Brasil," the transaction was not completed and the intended beneficiary did not receive the money.

On the next day, July 3, the beneficiary informed Phil & Kathy's that it did not receive the money and that Phil & Kathy's "must pay today." It instructed Phil & Kathy's to change the beneficiary name from "Banco Do Brasil SA/Proteknika Do Brasil" to "Blue Vale." Phil & Kathy's agent returned to Harris on July 3 and spoke with the branch manager, who said that the July 2 Payment Order "ha[d] not cleared." The agent issued a second $1.5 million payment order, this time naming Blue Vale as the beneficiary (hereinafter "July 3 Payment Order"). Harris executed the July 3 Payment Order that afternoon.

After Phil & Kathy's agent left the Harris branch, an agent of Harris sent the first of three "urgent" wires to Safra asking it to amend the July 2 Payment Order to name Blue Vale as the beneficiary. The next business day (which was July 7 because of Independence Day), Safra processed the July 3 Payment Order and credited $1.5 million to Blue Vale's account. The funds were deducted from Phil & Kathy's Harris account. Then, on July 9, which was within five business days of July 2, Safra credited Blue Vale with an additional $1.5 million as a result of Phil & Kathy's amended July 2 Payment Order.

Phil & Kathy's filed this lawsuit against Safra on June 26, 2006 in the United States District Court for the Southern District of New York. The gravamen of its Complaint is that the July 2 Payment Order was cancelled by operation of law because it did not name an identifiable beneficiary. Phil & Kathy's relies principally upon New York Uniform Commercial Code ("N.Y.U.C.C.") § 4-A-207(1), which provides, "if, in a payment order received by the

3

beneficiary's bank, the name, bank account number, or other identification of the beneficiary refers to a nonexistent or unidentifiable person or account, no person has rights as a beneficiary of the order and acceptance of the order cannot occur." *See also* N.Y.U.C.C. § 4-A-209(3). Phil & Kathy's argues, therefore, that Harris's attempt to amend the July 2 Payment Order was without effect and Safra had no authority to accept the order and distribute the second installment of $1.5 million to Blue Vale. The Complaint seeks $1.5 million, plus expenses and interest, from Safra.

Safra moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that N.Y.U.C.C. § 4-A-211(2) allows the sender, here Harris, to amend a payment order, which it claimed Harris did when it requested Safra to amend the beneficiary's name to Blue Vale. *See* N.Y.U.C.C. § 4-A-211(2) ("[A] communication by the sender cancelling or amending a payment order is effective to cancel or amend the order if notice of the communication is received at a time and in a manner affording the receiving bank a reasonable opportunity to act on the communication before the bank accepts the payment order."). Safra emphasizes that no authority exists for the proposition that a sender's ability to amend payment orders under N.Y.U.C.C. § 4-A-211 does not extend to those that initially name an unidentifiable beneficiary, *see* N.Y.U.C.C. § 4-A-207(1), as Phil & Kathy's argument necessarily suggests. Safra contends, moreover, that the only provision in Article 4A that speaks to the circumstances under which a payment order is cancelled by operation of law is N.Y.U.C.C. § 4-A-211(4), which provides, "[a]n unaccepted payment order is cancelled by operation of law at the close of the fifth funds-transfer business day of the receiving bank after the execution date or payment date of the order." Safra argues, therefore, that it was authorized to accept the amended July 2 Payment

4

Order on July 9, which was within five business days of its receipt of Phil & Kathy's initial payment order.

The District Court in a thorough and well-reasoned opinion rejected Phil & Kathy's position and granted Safra's motion to dismiss. It held that "[a]pplying the UCC to the facts of this case, it is clear that defendant dealt with the two payment orders correctly."[1] *Phil & Kathy's Inc.*, 2009 WL 248425, at *3.

We agree, and affirm on the opinion below.

---

[1] The underlying interpretation of New York law presented by this appeal has not been addressed by the New York Court of Appeals. At oral argument, however, the parties maintained that certification to the New York Court of Appeals was not necessary because the plain text of Article 4A indicated the answer to the question at hand. Upon our own review, we agree with that assessment. *See, e.g.*, *DiBella v. Hopkins*, 403 F.3d 102, 111 (2d Cir.) ("Certification is to be used in those cases where there is a split of authority on the issue, where a statute's plain language does not indicate the answer, or when presented with a complex question of New York common law for which no New York authority can be found.") (internal quotation marks and brackets omitted), *cert. denied*, 546 U.S. 939 (2005).